UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO. 8:97-CR-0436-T-17EAJ

**JOSE HUBERT PALACIOS**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Defendant's **Motion for Leave to Appeal In Forma Pauperis** (Dkt. 875).[1] On June 22, 2009, Defendant petitioned the court for a writ of audita querela, contending that his sentence was unlawful pursuant to United States v. Booker, 543 U.S. 220 (2005) (Dkt. 872). On June 29, 2009, the court denied Defendant's petition (Dkt. 873). On July 10, 2009, Defendant filed a Notice of Appeal (Dkt. 874) and on August 3, 2009, Defendant moved to appeal in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an appeal without prepayment of fees by a person who submits an affidavit demonstrating an inability to pay such fees. However, "the court shall dismiss [a] case at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Although Defendant purports to appeal denial of a petition for writ of audita querela, "[a] prisoner is not entitled to a writ of *audita querela* when relief is cognizable under 28 U.S.C. § 2255." United States v. Holt, 417 F.3d 1172, 1173 (11th Cir. 2005) (per curiam). Notwithstanding Defendant's insistence that his petition is not a motion pursuant to § 2255 (Dkt. 872 at 1), Defendant "is collaterally attacking his sentence as violating the United States Constitution" and "the proper avenue of relief is § 2255." Holt, 417 F.3d at 1175. Given Defendant's pro se status, the court

---

[1] Although Defendant has not actually filed a motion, Defendant's affidavit of indigency is construed as a motion for leave to appeal in forma pauperis.

"may liberally construe his *audita querela* motion as a § 2255 motion." Id.

The limitations period for § 2255 motions is one-year from the latest of four distinct dates. See § 2255(f). The only date relevant to this case is the date on which Defendant's judgment of conviction became final.[2] See § 2255(f)(1). On May 10, 1999, the court entered a judgment of conviction, finding Defendant guilty of three federal offenses (Dkt. 671). Defendant filed an appeal the same day (Dkt. 680). On April 9, 2001, the Eleventh Circuit affirmed Defendant's conviction (Dkt. 811). Because Defendant never filed a petition for writ of certiorari, his judgment of conviction became final ninety days later. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered.") (citation omitted). Consequently, Defendant's petition, filed almost eight years after the limitations period expired, is untimely.

"In the context of an IFP frivolity determination under 28 U.S.C. § 1915, [t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Walker v. United States, 196 F. App'x 774, 776 (11th Cir. 2006) (per curiam) (unpublished) (citation and internal quotation marked omitted) (alteration in original). Thus, Defendant's appeal should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] The triggering date in § 2255(f)(2) has "no application to this case, as there is no indication of any impediment created by unlawful governmental action." United States v. James, 323 F. App'x 746, 750 n.1 (11th Cir. 2009) (per curiam) (unpublished). Moreover, the Eleventh Circuit has foreclosed reliance on the triggering dates in § 2255(f)(3) and (4) for claims raising Booker. See Sanchez v. United States, 318 F. App'x 801, 804 (11th Cir. 2009) (per curiam) (unpublished) (citations omitted).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Motion for Leave to Appeal <u>In Forma Pauperis</u> (Dkt. 875) be **DENIED**; and

(2) Defendant's appeal be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Date: August 25, 2009**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

3