UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:97-CR-436-T-17AAS

JOSE HUBERT PALACIOS.

_____/

ORDER

This cause is before the Court on:

Dkt. 909    Motion Under Sec. 3582(c)(2)
Dkt. 913    First Step Act of 2018 Memorandum

Defendant Jose Hubert Palacios, pro se, requests a reduction of sentence or a sentence of time-served pursuant to 18 U.S.C. Sec. 3582 (c)(2), and Sec. 602 of the First Step Act.

I. Background

The Court notes that Defendant Palacios' Motion refers to 18 U.S.C. Sec. 3582(c)(2), which provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This case does not involve a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(o). Based on Defendant Palacios' argument, the Court construes Defendant Palacios' Motion to be brought under 18 U.S.C. Sec. 3582 (c)(1)(A):

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission...

The applicable policy statement is USSG Sec. 1B1.13.

On May 6, 1999, Defendant Palacios was sentenced on Counts 1, 2 and 3 of the First Superseding Indictment:

| | |
|---|---|
| Count 1 | Conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine |
| | Violation of 21 U.S.C. Sec. 846 |
| Count 2 | With the intent to promote the carrying on of specified unlawful activity, conducted and attempted to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance |
| | Violation of 18 U.S.C. Secs. 1956 (a)(3)(A) and 2. |
| Count 3 | Possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of marijuana |
| | Violation of 21 U.S.C. Sec. 841(a)(1). |

After a jury verdict, Defendant Palacios was sentenced to a term imprisonment of 360 months as to Count 1, 240 months as to Count 2, and 60 months as to Count 3, all to run concurrently with each other; a 5-year term of supervised release as to

Case No. 8:97-CR-436-T-17AAS

Count 1, a 3-year term of supervised release as to Count 2, and a 3-year term of supervised release as to Count 3, all to run concurrently with each other; a fine of $25,000, and a special assessment fee of $300. (Dkt. 671).

The PSR indicates that Defendant Palacios conspired to import and distribute 2,000 kilograms of cocaine, and 5,000 kilograms of marijuana. (Dkt. 891, p. 22).

The Eleventh Circuit Court of Appeals affirmed the final judgment.
(Dkt. 811).

Among other forms of relief Defendant Palacios pursued after his sentence was affirmed on appeal, Defendant Palacios sought a sentence reduction under Amendment 782. The Court denied Defendant's Motion. (Dkts. 891, 893, 897, 905).

The Federal Defender was appointed to represent Defendant Palacios for his First Step Motion (Dkt. 909); however, the scope of the Federal Defender's representation is limited to Section 404 of the First Step Act. The Federal Defender notified Defendant Palacios that the relief Defendant Palacios seeks is beyond the scope of the Federal Defender's appointment. (Dkt. 915).

II. Discussion

Defendant Palacios is seeking a reduction of sentence pursuant to the recidivism incentives that Defendant has completed, pursuant to 18 U.S.C. Sec. 3632(d)(4).

18 U.S.C. Sec. 3632 (d)(4) provides:

    (d)    Evidence-based recidivism reduction program incentives and productive activities rewards.--The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:

...

(4) Time credits.--

(A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

(i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

(B) Availability.--A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed--

(i) prior to the date of enactment of this subchapter; or

(ii) during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

(C) Application of time credits toward prerelease custody or supervised release.--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

Case No. 8:97-CR-436-T-17AAS

Defendant Palacios also seeks release to home confinement as a low risk offender, pursuant to Sec. 602 of the First Step Act. Sec. 602 of the First Step Act modifies 18 U.S.C. Sec. 3624(c)(1), which provides:

(c) Prerelease custody.--

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.....

The Bureau of Prisons issued P.S. 001-2019 on April 4, 2019, Home Confinement Under the First Step Act., which explains Home Confinement for Low Risk Offenders and the Pilot Program which will be conducted from Fiscal Years 2019 through 2023.

A Earned Time Credit

Defendant Palacios argues that the Court may reduce his sentence based on his age, his term of incarceration, and the educational programs and prison jobs he has completed.

6

Case No. 8:97-CR-436-T-17AAS

Pursuant to 18 U.S.C. Sec. 3582(c)(1)(A), the Director of the BOP may move for a sentence reduction, or Defendant Palacios may move for a sentence reduction **after Defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier.**

Defendant Palacios does not allege that Defendant has complied with the multi-stage administrative process under 28 C.F.R. Secs. 542.10-19.

After the BOP has calculated whether and in what amount Defendant Palacios is entitled to credit for the educational and other programs for which Defendant Palacios seeks credit, if Defendant Palacios disagrees with the BOP's determination, Defendant Palacios must exhaust administrative remedies. If Defendant Palacios seeks to challenge the BOP's final determination of the time credit, Defendant Palacios must do so by filing a petition for habeas corpus under 28 U.S.C. Sec. 2241 **in the district in which Defendant is incarcerated. See *Davis v. Warden, FCC Coleman,*** 661 Fed. Appx. 561 (11th Cir. 2016).

After consideration, the Court denies Defendant Palacios' Motion for sentence reduction without prejudice due to the failure to exhaust administrative remedies.

B.     Home Confinement

Defendant Palacios asserts that he is eligible for prelease custody.

Case No. 8:97-CR-436-T-17AAS

According to the BOP Inmate Locator, Defendant Palacios' current projected release date is November 28, 2023.

The Court notes that It is within BOP's discretion to determine if and when Defendant Palacios qualifies for prelease custody in home confinement. The decision whether to place a prisoner in home confinement is **solely** within the discretion of the BOP and the Attorney General. ***Jones v. Woods***, 2019 WL 2754731 (M.D. Ala. June 4, 2019) (emphasis added).

**After** Defendant Palacios has exhausted administrative remedies on this issue, Defendant Palacios may seek review of the BOP's determination as to Defendant Palacios' eligibility for home confinement by bringing a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2241, **in the district in which Defendant is incarcerated.**

After consideration, the Court denies Defendant Palacios' Motion Under Sec. 3582(c)(2) without prejudice for failure to exhaust administrative remedies. Accordingly, it is

**ORDERED** that pro se Defendant Jose Hubert Palacios' Motion Under Sec. 3582(c)(2) (Dkt. 909):

1. **is construed** to be brought under 18 U.S.C. Sec. 3582(c)(1)(A);
2. **is denied without prejudice** for failure to exhaust administrative remedies.

Case No. 8:97-CR-436-T-17AAS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of August, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Counsel of Record
U.S. Probation Office

<u>Pro Se</u> Defendant:

Jose Hubert Palacios
Reg. No. 22122-018
D. Ray James
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P. O. Box 2000
Folkston, GA  31537