**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No. 8:97-cr-436-T-60AAS

JOSE HUBERTO PALACIOS,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE PURSUANT TO FIRST STEP ACT AND COMPASSIONATE RELEASE"**

This matter is before the Court on "Defendant's Emergency Motion to Reduce Sentence Pursuant to First Step Act and Compassionate Release," filed by counsel on November 5, 2020. (Doc. 920). On November 6, 2020, the Court directed the United States to respond to the motion.[1] (Doc. 922). On November 13, 2020, Defendant filed a supplement to his emergency motion. (Doc. 924). On November 18, 2020, the Government filed its response. (Doc. 925). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On October 14, 1997, Defendant was charged with a violation of 21 U.S.C. § 846, involving five kilograms or more of cocaine. A superseding indictment was returned on August 12, 1998, adding violations of 18 U.S.C. § 1956(a)(3)(A) (money laundering) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a detectable amount of marijuana). Defendant proceeded to trial and was found guilty on all three counts on October 26, 1998. On April 29, 1999, he was sentenced to 360 months on Count One,

---

[1] Due to a clerical issue, the Government did not receive adequate notice of the Order directing response, so the Court extended the deadline to respond to the motion.

20 months on Count Two, and 60 months on Count Three, with all three sentences to run concurrently. According to the Bureau of Prisons ("BOP") website, Defendant is scheduled to be released on May 3, 2023.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his medical conditions and the spread of COVID-19 among incarcerated persons. Specifically, Defendant is 71 years old and has served twenty years of his thirty-year sentence. He was recently diagnosed with prostate and bone cancer. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release." In its response, the United States requests that the motion for compassionate release be granted.[2]

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or thirty days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court agrees with the parties and finds that, in light of Defendant's age and documented health conditions, extraordinary and compelling reasons support modification of his sentence

---

[2] The Government requests that the alternative request for home confinement be denied because the Court does not have jurisdiction to grant home confinement. Because the Court grants the motion for compassionate release, it does not reach this argument.

to time served.  *See, e.g., United States v. Arenales-Monroy*, No. 16-CR-20374-KMW, 2020 WL 4344085, at *2 (S.D. Fla. June 18, 2020).  Consequently, "Defendant's Emergency Motion to Reduce Sentence Pursuant to First Step Act and Compassionate Release" is hereby **GRANTED**.

    **DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>20th</u> day of November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**